UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV11 - 5195**

---------------------------------------------------------------

JEAN PENEL, PIERRE PENEL, and
BLONDELL ROSS,

**COMPLAINT AND
DEMAND FOR
JURY TRIAL**

Plaintiffs,

**ECF CASE**

**SUMMONS ISSUED**

-against-

**COGAN, J.**

NEW YORK CITY POLICE OFFICER JAMES SLAVIN,
Shield No. 22955; NYC P.O. JASON IANNO,
Shield No. 12849; NYC P.O. ANGELO ROSARIO,
Shield No. 19468; NYC P.O. DANIEL NICOLETTI,
Shield No. 27835; NYC P.O. WILLIAM GASPARI,
Shield No. 17651; NYC P.O. SANTO TAVARES,
Shield No. 25556; NYC POLICE SERGEANT
SHAUN BROWN, Shield No. 00875; NYC POLICE
SERGEANT MICHAEL LENNIHAN, Shield No. 02344;
NYC P.O. JANE DOES (1-4), Each Defendant
individually and in his/her official capacity
as a Police Officer for the City of New York,

Defendants.

---------------------------------------------------------------X

CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

2011 OCT 24  PM 11:36

★ FILED ★

## **INTRODUCTION**

1. This is a civil rights action in which the plaintiffs, JEAN PENEL, PIERRE

PENEL, and BLONDELL ROSS, seek relief for defendants' violation of the plaintiffs' rights

secured by the Civil Rights Act of 1871, 42 U.S.C. §§1983 and 1985, and of rights secured by the

First, Fourth and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiffs seek damages, both compensatory and punitive, an award of costs,

interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

1

## JURISDICTION

3.       This action is brought under 42 U.S.C. §1983 in conjunction with the First,

Fourth and Fourteenth Amendments to the United States Constitution.

4.       Jurisdiction is invoked herein pursuant to the aforementioned statutory and

Constitutional provisions and pursuant to 28 U.S.C. Sections 1331 and 1343, this being an action

seeking redress for the violation of the plaintiffs' Constitutional and civil rights.

## VENUE

5.       Venue is proper in the United States District Court for the Eastern District

of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of

New York.

## JURY TRIAL DEMANDED

6.       Plaintiffs demand a trial by jury on each and every one of the claims as pled

herein.

## PARTIES

7.       At all times relevant hereto, plaintiffs JEAN PENEL, PIERRE PENEL, and

BLONDELL ROSS, were residents of Brooklyn, in the city and state of New York.  Plaintiffs are

of full age.

8.       At all times relevant hereto, defendants NEW YORK CITY POLICE

OFFICER JAMES SLAVIN, Shield No. 22955; NYC P.O. JASON IANNO, Shield No. 12849;

NYC P.O. ANGELO ROSARIO, Shield No. 19468; NYC P.O. DANIEL NICOLETTI, Shield

No. 27835; NYC P.O. WILLIAM GASPARI, Shield No. 17651; NYC P.O. SANTO

TAVARES, Shield No. 25556; NYC POLICE SERGEANT SHAUN BROWN, Shield No.

2

00875; NYC POLICE SERGEANT MICHAEL LENNIHAN, Shield No. 02344; and all NYC P.O. JANE DOES (1-4) are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, an agency of the City of New York. All the individually named Defendants and all JANE DOE defendants are and were at all times relevant herein acting under the direction and control of the New York City Police Department. All the individually named Defendants and all JANE DOE defendants, whose identities are not yet known, but whose identities the plaintiffs intend to discover, are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

9. On October 24, 2008, at approximately 11:45 p.m., Ghislaine Penel, Sr., the mother of plaintiffs JEAN PENEL and PIERRE PENEL (hereinafter referred to as Mrs. Penel), and her daughter, Ghislaine Penel, Jr. (hereinafter referred to as Ms. Penel), as well as plaintiffs JEAN PENEL and BLONDELL ROSS, heard gun shots fired while they were all at the Penel home located on the corner of Troy and Herkimer Avenues in Brooklyn.

10. There were New York City Police Officers in police vehicles, both marked and unmarked, that drove by the area of the Penel house after the shots were fired.

11. Thereafter, Mrs. Penel thought she heard someone say that her youngest son Franz Penel was shot.

12. Mrs. Penel ran out of her home on Troy Avenue and turned right on Herkimer, followed by her son, JEAN PENEL.

13. BLONDELL ROSS and another adult male named Tony and joined Mrs. Penel and JEAN PENEL as they walked down Herkimer Street.

3

14. Members of the New York City Police Department, both in uniform and not in uniform, including, but not limited to, NYC P.O. WILIAM GASPARI and SANTO TAVARES, had stopped two young men and were searching them in the middle of the block on Herkimer Street across from Haitie Jones Street.

15. NYC Police Officers DANIEL NICOLETTI, JAMES SLAVIN, and SERGEANT MICHAEL LENNIHAN and JASON IANNO, ANGELO ROSARIO and SERGEANT SHAUN BROWN arrived at the scene and formed a barrier as the other police officers searched the two detained men.

16. Mrs. Penel, JEAN PENEL, BLONDELL ROSS and Tony, approached the group of police officers from the street side of the sidewalk, with Mrs. Penel explaining that she wanted to make sure her son was OK.

17. A police officer responded asking Mrs. Penel if she saw her son there.

18. Mrs. Penel said "No."

19. JEAN PENEL then took his mother's hand and told her that they should go home and they and the others turned to walk back towards Troy Avenue.

20. At no time did anyone break through the human barrier that the police formed around the police officers searching the two young men.

21. The officers were telling Mrs. Penel, JEAN PENEL, BLONDELL ROSS and Tony to move on, that it was none of their business.

22. Mrs. Penel responded that they were going home, that she lived across the street.

4

23. Defendant P.O. JAMES SLAVIN and SERGEANT SHAUN BROWN walked behind JEAN PENEL and BLONDELL ROSS, as they walked back towards Troy Avenue on the sidewalk of Herkimer Avenue.

24. Mrs. Penel and Tony were walking in the street on Herkimer Avenue towards Troy Avenue.

25. Even though he was already walking away towards Troy Avenue, P.O. JAMES SLAVIN aggressively stated to ROSS BLONDELL, words to the effect of "Didn't I tell you to leave?"

26. SERGEANT SHAUN BROWN kept pushing BLONDELL ROSS on the shoulder area, telling him to move on.

27. BLONDELL ROSS told the officer not to touch him and kept walking towards his home.

28. BLONDELL ROSS's girlfriend then joined the group and was walking with BLONDELL ROSS on the sidewalk of Herkimer Avenue towards Troy Avenue.

29. BLONDELL ROSS, his girlfriend, Mrs. Penel, JEAN PENEL, and Tony all proceeded to walk back towards Troy Avenue.

30. As BLONDELL ROSS walked away with his girlfriend, he was complaining to her about the police officers.

31. Shortly thereafter, P.O. JAMES SLAVIN, who was not in uniform and was wearing a football jersey with numbers and a name on it, ran up from behind as BLONDELL ROSS and the others were approaching the corner of Troy and Herkimer and pushed BLONDELL ROSS with such force that ROSS fell forward into the street, curling himself into a ball to protect

5

himself from the fall.

32. P.O. SLAVIN, with his knee on BLONDELL ROSS' back, then started to hit BLONDELL ROSS forcefully with his fists on BLONDELL ROSS' head.

33. Another short, bald black police officer kicked ROSS in the face.

34. SERGEANT SHAUN BROWN also punched and kicked BLONDELL ROSS.

35. Then three female officers, one Caucasian and two African Americans, JANE DOES (1-3), who were in their uniforms, came up to ROSS and hit him forcefully around his head, legs and body with their asps, the metal extendable batons that police carry.

36. BLONDELL ROSS was encircled by male and female police officers, both in and out of uniform, who were punching him, hitting him with asps and kicking him as he lay in the street, trying to protect his face and head from the blows.

37. Mrs. Penel, JEAN PENEL, Tony and other people from the neighborhood witnessed the unprovoked, explosive, excessive violence by the police against BLONDELL ROSS.

38. None of the police officers present, including all the named defendants not directly participating in the violence, took any action to stop their fellow officers from the unlawful use of unreasonable and gratuitous excessive force.

39. The crowd of officers continued to beat BLONDELL ROSS.

40. Mrs. Penel was screaming for the police to stop, saying that they would kill him.

41. JEAN PENEL watched alongside his mother and simply stated, "That's not necessary."

6

42. After JEAN PENEL made that statement, SERGEANT SHAUN BROWN stopped attacking ROSS and turned towards JEAN PENEL and punched him hard with a closed fist in his right side jaw.

43. JEAN PENEL, who was caught off guard, fell to the ground.

44. SERGEANT BROWN held JEAN PENEL down with his knee on his back and continued to punch him.

45. SERGEANT BROWN was joined by three male officers in uniform who also punched and kicked JEAN PENEL.

46. Mrs. Penel screamed for the police to stop beating her son and when they did not, she leaned in trying to lay her body down on top of JEAN PENEL to stop the officers from hitting him.

47. One of the police officers pulled her away, calling her Mom and telling her to go home.

48. JEAN PENEL was physically injured in his head and body and received medical attention when he was released after his arraignment on the false criminal charges brought by the police to cover their misconduct and unreasonable and excessive use of force.

49. Just before the police pushed and beat BLONDELL ROSS, PIERRE PENEL returned from visiting a young girl who had been seriously burned in the hospital and parked his car in front of his house, observing many police cars in the area, including police cars parked in the middle of the road.

50. He saw BLONDELL ROSS being attacked, saw his head bleeding, and then saw the police punch his brother, knocking him down to the ground.

7

51. BLONDELL ROSS was physically injured, suffering repeated beatings to his head and body, and gashes in his face and head, and was taken to the hospital for medical attention from the police precinct.

52. PIERRE PENEL moved away from his car with his cell phone in his hand, trying to photograph what he was witnessing because he believed that what the police were doing was wrong.

53. A female officer, P.O. JANE DOE (4), a Hispanic officer who PIERRE PENEL believed was Puerto Rican, came towards him and knocked his cell phone out of his hand by forcefully striking his fingers with her asp as he held his cell phone.

54. PIERRE PENEL was then forcefully pushed to the ground.

55. PIERRE PENEL felt a knee on his back and the repeated strikes of police asps, mostly on his legs.

56. PIERRE PENEL was physically injured and received medical attention when he was released after his arraignment on the false criminal charges brought by the police to cover their misconduct and unreasonable and excessive use of force.

57. By this time, Ms. Penel, JEAN and PIERRE PENEL's sister, had come outside and witnessed the police beating BLONDELL ROSS and her brothers, JEAN and PIERRE PENEL.

58. Ironically, Mrs. Penel told Ms. Penel to call the police.

59. Ms. Penel called 911 just about one minute after midnight on October 25, 2008 to report that the police were beating ROSS and her brothers.

60. When 911 received the call regarding police abuse, the call was transferred to

8

Internal Affairs and was no longer recorded by the 911 operator as all other calls are.

61. JEAN PENEL, PIERRE PENEL, and BLONDELL ROSS were all arrested and charged with Resisting Arrest, P.L. §205.30, Attempted Assault in the Third Degree, P.L. 110/120.00, Disorderly Conduct under P.L. §240.20(1) and Disorderly Conduct under P.L. §240.20(6).

62. When several of the friends of the arrested plaintiffs went to the precinct to check on them and retrieve some of their property, they were also arrested at the precinct for trying to make a complaint about the police conduct.

63. They each received summonses for disorderly conduct purportedly committed at 2:40 a.m. on the corner of Herkimer and Troy Avenues; however, all of them were arrested within the confines of the 81st Precinct, issued summonses (that were later dismissed) and released.

64. After JEAN PENEL, PIERRE PENEL and BLONDELL ROSS were taken to the precinct, defendant JAMES SLAVIN returned to the Penel household to speak with the mother of JEAN PENEL and PIERRE PENEL.

65. Defendant SLAVIN apologized for the incident and asked Mrs. Penel if they were "cool" and extended his hand to shake hands.

66. Mrs. Penel did not respond to his query.

67. JEAN PENEL, PIERRE PENEL, and BLONDELL ROSS were all arraigned on October 26, 2008 at approximately 8:00 p.m. in the Criminal Court of the City of New York, Kings County, after being in custody for about **44 hours** and released on their own recognizance.

68. JEAN PENEL, PIERRE PENEL and BLONDELL ROSS appeared in court several times before the Assistant District Attorney dismissed the Resisting Arrest charges on

9

February 2, 2009.

69. On the next court date, March 30, 2009, PIERRE PENEL under Docket No. 2008KN080277 and BLONDELL ROSS under Docket No. 2008KN080279 agreed to the prosecutor's offer to adjourn their cases in contemplation of dismissal. Their cases were later dismissed and sealed.

70. JEAN PENEL appeared in court in order to establish his innocence of the charges against him under Docket No. 2008KN080278 on thirteen (13) occasions over a period of one and one-half years until finally, all charges were dismissed on March 25, 2010 and the case was sealed.

71. JEAN PENEL, who had been released on his own recognizance on October 26, 2008, was subsequently incarcerated on November 20, 2008, pursuant to his arrest upon a parole violation that was based exclusively on three charges, all arising out of the October 24, 2008 arrest.

72. JEAN PENEL was incarcerated on the parole violation arising solely from his October 24, 2008 arrest from November 20, 2008 until February 4, 2009.

73. JEAN PENEL's wife was pregnant with their first child at the time he was arrested. His son was born on March 4, 2009.

74. Due to his false arrest and malicious prosecution by the New York City Police Department initiated by the arresting officer, defendant JASON IANNO, JEAN PENEL was not available to his wife at the most critical time in her pregnancy.

75. But for his arrest on October 24, 2008 and the false statements by defendant JASON IANNO and other defendant police officers to the parole officer supervising JEAN PENEL, JEAN PENEL would not have been arrested and incarcerated for violating his parole.

10

76. Because he was incarcerated after having been released on his own recognizance in the criminal case, bail in the amount of $1.00 was set in the criminal case on December 4, 2008.

77. In addition to the first 44 hours that he was incarcerated before being released on his own recognizance, JEAN PENEL was incarcerated for an additional **77 days** based solely upon the false and malicious charges brought by defendant JASON IANNO with the complicity and support of defendant JAMES SLAVIN and supervisor SHAUN BROWN.

78. The parole violation was resolved on February 4, 2009 with a "revoke and restore recommendation" due to exceptional mitigating circumstances.

79. JEAN PENEL did not plead guilty to any of the three initial charges brought against him that were predicated on the October 24, 2008 criminal court charges.

80. The parole revocation charges based upon the October 24, 2008 criminal court charges were all terminated in favor of JEAN PENEL.

### FIRST CLAIM

**VIOLATION OF CONSTITUTIONAL RIGHTS
PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
THE EXCESSIVE USE OF FORCE
(Defendant SHAUN BROWN and other defendant police officers)
Plaintiff JEAN PENEL**

81. On the 24th day of October 2008, just before midnight and into October 25, 2008, on the corner of Herkimer and Troy Avenues in the County of Kings, City and State of New York, defendant SHAUN BROWN, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force that was objectively unreasonable against plaintiff JEAN PENEL, thereby violating the plaintiff's

11

Constitutional rights.

82. As a result of the aforementioned conduct of defendant SHAUN BROWN and other NYC defendant police officers, the plaintiff JEAN PENEL was subjected to excessive force and sustained physical injuries to his body and head as the result of being punched and kicked and hit with metal police asps, resulting in physical injury, pain and suffering, as well as emotional injuries and was otherwise harmed, damaged and injured.

### SECOND CLAIM:

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
### THE EXCESSIVE USE OF FORCE
### (Defendants JANE DOE (1-4) and other defendant police officers)
### Plaintiff PIERRE PENEL

83. Plaintiff repeats and realleges the allegations contained in paragraphs 1-82 of this complaint, as though fully set forth herein.

84. On the 24th day of October 2008, just before midnight and into October 25, 2008, on the corner of Herkimer and Troy Avenues in the County of Kings, City and State of New York, defendant JANE DOE (1-4) and other defendant NYC police officers, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force that was objectively unreasonable against plaintiff PIERRE PENEL, thereby violating the plaintiff's Constitutional rights.

85. As a result of the aforementioned conduct of defendant JANE DOE (1-4) and other defendant NYC police officers, the plaintiff PIERRE PENEL was subjected to excessive force and sustained physical injuries to his finger, back, legs and body as the result of being hit in the hand with a metal police asps, and hit on the legs and body with metal police asps, resulting in

physical injury, pain and suffering, as well as emotional injuries and was otherwise harmed, damaged and injured.

## THIRD CLAIM:

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
### THE EXCESSIVE USE OF FORCE
### (Defendants JAMES SLAVIN and SHAUN BROWN and other defendant police officers)
### Plaintiff BLONDELL ROSS

86.  Plaintiff repeats and realleges the allegations contained in paragraphs 1-85 of this complaint, as though fully set forth herein.

87.  On the 24th day of October 2008, just before midnight and into October 25, 2008, on the corner of Herkimer and Troy Avenues in the County of Kings, City and State of New York, defendants JAMES SLAVIN and SHAUN BROWN and other defendant police officers, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force that was objectively unreasonable against plaintiff BLONDELL ROSS, thereby violating the plaintiff's Constitutional rights.

88.  As a result of the aforementioned conduct of defendants JAMES SLAVIN AND SHAUN BROWN and other defendant police officers, the plaintiff was subjected to excessive force and sustained physical injuries to his body and head as the result of being punched and kicked and hit with metal police asps, resulting in serious physical injury, and suffered great physical damage and pain, as well as emotional injuries and was otherwise harmed, damaged and injured.

13

**FOURTH CLAIM:**

**VIOLATION OF CONSTITUTIONAL RIGHTS
PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
FAILURE TO INTERCEDE TO PREVENT THE EXCESSIVE USE OF FORCE
(Defendants JAMES SLAVIN, JASON IANNO, ANGELO ROSARIO,
DANIEL NICOLETTI, WILLIAM GASPARI, SANTO TAVARES,
SHAUN BROWN, MICHAEL LENNIHAN
(All Plaintiffs)**

89.  Plaintiff repeats and realleges the allegations contained in paragraphs 1-88 of this complaint, as though fully set forth herein.

90.  On the 24th day of October 2008, just before midnight and into October 25, 2008, police officers JAMES SLAVIN, JASON IANNO, ANGELO ROSARIO, DANIEL NICOLETTI, WILLIAM GASPARI, SANTO TAVARES, SHAUN BROWN, and MICHAEL LENNIHAN had the opportunity to intercede on behalf of each of the plaintiffs to prevent the other defendant officers from using gratuitous and unreasonable excessive force and to prevent the unlawful and unreasonable seizure of the person of plaintiffs, either prior to and/or during the assaults of each of the plaintiffs, but failed to do so, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

91.  Each one of the named defendants had an affirmative duty to enforce the law and preserve the peace, including by stopping other police officers from violating the law. Their failure to do so makes them liable for the constitutional violations of the Fourth and Fourteenth Amendments of the United States Constitution.

92.  By reason of the aforesaid, the plaintiffs BLONDELL ROSS, JEAN PENEL, PIERRE PENEL, and TEREL HENDRICKS suffered great physical damage, conscious pain and suffering, physical, mental, emotional and other damages.

14

## FIFTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS

### EXCESSIVE USE OF FORCE: Individual and Supervisory Liability
### (Defendant SERGEANT SHAUN BROWN)
### All Plaintiffs

93. Plaintiff repeats and realleges the allegations contained in paragraphs 1-92 of this complaint, as though fully set forth herein.

94. On the 24th day of October 2008, just before midnight and into October 25, 2008, as set forth above, the Defendant SERGEANT SHAUN BROWN, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, condoned and used excessive force in stopping and later arresting the plaintiffs JEAN PENEL, PIERRE PENEL and BLONDELL ROSS, such that the plaintiffs were physically injured in and about their heads, hands, and bodies as set forth above.

95. That the defendant SHAUN BROWN was acting as an agent, servant and employee and on behalf of the CITY OF NEW YORK and within the scope of his employment, and intentionally and maliciously used excessive force, in deliberate indifference to the rule of law and the constitutional rights of the plaintiffs, beyond what any reasonable officer in the circumstances would have used, while stopping and then arresting the plaintiffs, especially in that the excessive force against plaintiffs JEAN PENEL, PIERRE PENEL and BLONDELL ROSS, continued after they were already handcuffed and restrained, and the supervisory officer SHAUN BROWN, rather than restraining P.O. JAMES SLAVIN and the other police officers using excessive and unjustified force, and stopping them from beating plaintiffs JEAN PENEL, PIERRE PENEL and BLONDELL ROSS, without any just cause, knowingly refused to stop JAMES SLAVIN and the other defendant officers, and wrongfully and maliciously escalated the violence by directly joining in the wrongful

15

use of excessive physical force against the plaintiffs.

96. Defendant SHAUN BROWN failed to take any preventative or remedial measures to guard against the conduct of the other defendant officers as described above. Had SHAUN BROWN taken such measures, Plaintiffs would not have suffered the deprivations of their constitutional and civil rights as set forth herein. The failure of SHAUN BROWN amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiffs.

97. Defendant Sergeant BROWN displayed a deliberate indifference to the illegal conduct of the defendant officers (in addition to his own unlawful acts) under his supervision by failing to train, instruct, or supervise the defendant officers and by failing to discipline the defendant officers in any way for their illegal conduct and excessive use of force, and by permitting and participating with these officers to engage in the violent actions in stopping and arresting the Plaintiffs as set forth above. By these actions and omissions, Plaintiffs were deprived of their rights to due process of law and to be secure in their persons against unlawful and unreasonable seizures of their persons, and to be free from the gratuitous use of unreasonable and excessive force, in violation of the Fourth and Fourteenth Amendments to the United States and 42 U.S.C. Section 1983.

98. By reason of the aforesaid, the plaintiffs suffered great physical damage, intimidation and fear, conscious pain and suffering, mental and emotional damage and were otherwise damaged and harmed.

## SIXTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS

### EXCESSIVE USE OF FORCE: Individual and Supervisory Liability
### (Defendant SERGEANT MICHAEL LENNIHAN)

**All Plaintiffs**

99.  Plaintiff repeats and realleges the allegations contained in paragraphs 1-98 of this complaint, as though fully set forth herein.

100.  On the 24th day of October 2008, just before midnight and into October 25, 2008, as set forth above, the Defendant MICHAEL LENNIHAN, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, condoned and used excessive force in stopping and later arresting the plaintiffs JEAN PENEL, PIERRE PENEL and BLONDELL ROSS, such that the plaintiffs were physically injured in and about their heads, hands, and bodies as set forth above.

101.  That the defendant was acting as an agent, servant and employee and on behalf of the CITY OF NEW YORK and within the scope of his employment, and intentionally and maliciously used excessive force, in deliberate indifference to the rule of law and the constitutional rights of the plaintiffs, beyond what any reasonable officer in the circumstances would have used, while stopping and then arresting the plaintiffs, especially in that the excessive force against plaintiffs JEAN PENEL, PIERRE PENEL and BLONDELL ROSS, continued after they were already handcuffed and restrained, and the supervisory officer MICHAEL LENNIHAN rather than restraining P.O. JAMES SLAVIN and the other police officers using excessive and unjustified force, and stopping them from beating plaintiffs JEAN PENEL, PIERRE PENEL and BLONDELL ROSS, without any just cause, knowingly refused to stop SLAVIN and the other defendant officers, and wrongfully and maliciously escalated the violence by directly joining in the wrongful use of excessive physical force against the plaintiffs.

102.  Defendant MICHAEL LENNIHAN failed to take any preventative or remedial

17

measures to guard against the conduct of the other defendant officers as described above. Had MICHAEL LENNIHAN taken such measures, Plaintiffs would not have suffered the deprivations of their constitutional and civil rights as set forth herein. The failure of MICHAEL LENNIHAN amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiffs.

103.    Defendant SERGEANT MICHAEL LENNIHAN displayed a deliberate indifference to the illegal conduct of the defendant officers (in addition to his own unlawful acts) under his supervision by failing to train, instruct, or supervise the defendant officers and by failing to discipline the defendant officers in any way for their illegal conduct and excessive use of force, and by permitting and participating with these officers to engage in the violent actions in stopping and arresting the Plaintiffs as set forth above. By these actions and omissions, Plaintiffs were deprived of their rights to due process of law and to be secure in their persons against unlawful and unreasonable seizures of their persons, and to be free from the gratuitous use of unreasonable and excessive force, in violation of the Fourth and Fourteenth Amendments to the United States and 42 U.S.C. Section 1983.

104.    By reason of the aforesaid, the plaintiffs suffered great physical damage, intimidation and fear, conscious pain and suffering, mental and emotional damage and were otherwise damaged and harmed.

### SEVENTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### DEPRIVATION OF LIBERTY through FALSE ARREST
### (All Plaintiffs)

105.    Plaintiffs incorporate by reference each preceding paragraph of this complaint as if fully set forth herein and further alleges as follows:

18

106.   The actions of the defendants JASON IANNO, JAMES SLAVIN and SHAUN BROWN, all member of New York City Police Department, and acting under color of state law, in seizing and arresting the plaintiffs JEAN PENEL, PIERRE PENEL and BLONDELL ROSS, without probable cause, was done intentionally, maliciously, and with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering, and deprived each of the plaintiffs of rights and privileges under the laws and Constitution of the United States, in particular the right to be secure in their persons and free from false arrest based upon an unlawful seizure and search of each of the plaintiffs.

107.   Each of the plaintiffs, JEAN PENEL, PIERRE PENEL and BLONDELL ROSS was wholly innocent of the criminal charges brought against them. By these actions, these individual defendants have deprived the plaintiffs of liberty and freedom, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendants are individually liable. .

108.   As a result of the foregoing, each of the plaintiffs was deprived of their liberty for a period of approximately 44 hours, and were otherwise harmed, damaged and injured.

### EIGHTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS DEPRIVATION OF LIBERTY through MALICIOUS PROSECUTION (Defendants JASON IANNO, JAMES SLAVIN and SHAUN BROWN) Plaintiff JEAN PENEL

109.   Plaintiffs incorporate by reference each preceding paragraph of this complaint as if fully set forth herein and further alleges as follows:

19

110.    The actions of the defendants JASON IANNO, JAMES SLAVIN and SHAUN BROWN, all members of New York City Police Department, and acting under color of state law, in falsely seizing and arresting and commencing the prosecution of the plaintiff JEAN PENEL, without probable cause, was done intentionally, maliciously, and with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, and was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering, and deprived plaintiff JEAN PENEL of his rights and privileges under the laws and Constitution of the United States, in particular the rights to be free from false accusations and malicious prosecution and the right to due process under the law.

111.    The criminal action brought by the defendants against JEAN PENEL was terminated in favor of the plaintiff.

112.    By these actions, JASON IANNO, JAMES SLAVIN and SHAUN BROWN, acting as their supervisor, have deprived the plaintiff JEAN PENEL of liberty and freedom, in that subsequent to his arraignment, he was incarcerated for **77 days and appeared in court for one and one-half years prior to all charges being dismissed and sealed**, based solely upon the false accusations made in the criminal court complaint signed by defendant JASON IANNO, in order to cover the wrongful and unconstitutional actions of JAMES SLAVIN, SHAUN BROWN, himself and the other defendant police officers, thereby depriving plaintiff JEAN PENEL of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendants are individually liable.

113.    As a result of the foregoing, plaintiffs was deprived of liberty, and was otherwise harmed, damaged and injured.

20

## NINTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### ABUSE OF PROCESS
(Defendants JASON IANNO, JAMES SLAVIN and SHAUN BROWN)
Plaintiff JEAN PENEL

114.   Plaintiffs incorporate by reference each preceding paragraph of this complaint as if fully set forth herein and further alleges as follows:

115.   The actions of the defendants JASON IANNO, JAMES SLAVIN and SHAUN BROWN, all members of New York City Police Department, and acting under color of state law, in falsely seizing and arresting and commencing the prosecution of the plaintiff JEAN PENEL by the employment of regularly issued legal process to compel performance or forbearance of some act, without probable cause, was done with the intent to cause harm without excuse or justification, and in order to obtain a collateral objective that is outside the legitimate ends of the process.

116.   The criminal prosecution of JEAN PENEL was done intentionally, maliciously, and with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, and was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering, and deprived plaintiff JEAN PENEL of his rights and privileges under the laws and Constitution of the United States, in particular the rights to be free from false accusations and the abuse of legal process and the right to due process under the law.

117.   There was no legitimate basis for the criminal charges against the plaintiff JEAN PENEL.

118.   There was no legitimate basis for the defendant police officers to provide false information based upon their false criminal accusations to JEAN PENEL's parole officer.

21

119.  By these actions, these individual defendants have deprived the plaintiff JEAN PENEL of liberty and freedom, in that subsequent to his arraignment, he was incarcerated for **77 days and appeared in court for one and one-half years prior to all charges being dismissed and sealed**, based solely upon the false accusations and abuse of process in using the criminal court system and the parole violation system without any basis in truth and for the sole purpose of covering their illegal and unconstitutional actions and failures to act to protect the rights secured to plaintiff JEAN PENEL by the Fourth and Fourteenth Amendments to the United States Constitution, all in violation of 42 U.S.C. Sections 1983, for which the defendants are individually liable.

120.  As a result of the foregoing, plaintiffs was deprived of liberty, and was otherwise harmed, damaged and injured.

**WHEREFORE,** Plaintiffs request the following relief:

a. Compensatory damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;.

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

DATED:  New York, New York
         October 24, 2011

JOANNE M. DWYER (JD9852)
Attorney for Plaintiffs
JEAN PENEL, PIERRE PENEL, and
BLONDELL ROSS
225 Broadway, 41st Floor
New York, NY 10007
(212) 233-0591